UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
ABETH HASHIMI,

              Plaintiff,                  Case No._____

-v-

                                          **COMPLAINT**

IMA PIZZA STORE 21 LLC and
15 WEST 28 LLC,
              Defendants.
_____x

       Plaintiff, Abeth Hashimi, by his undersigned counsel, hereby files this Complaint and

sues, Ima Pizza Store 21 LLC and 15 West 28 LLC, for injunctive relief pursuant to the

Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the

ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

<strong><u>JURISDICTION</u></strong>

       1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon

Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

       2.      Plaintiff, Abeth Hashimi, currently resides in Flushing, New York, and is *sui

juris*. He is a qualified individual with disabilities under the ADA law. Abeth suffers from

central nuclear myopathy. Central Nuclear Myopathy is a congenital neuromuscular disorder. It

is characterized as a defect in the cell structure of voluntary muscles. As a result Abeth is bound

to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit

and plan to return to the property to avail himself of the goods and services offered to the public

at the property, and to determine whether the property has been made ADA compliant. His

access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      Defendant, 15 West 28 LLC, is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the owner/lessor, of the real property, which is the subject of this action located on or about at 15 W 28th St New York, NY 10001 (hereinafter the "Facility").

4.      Defendant, Ima Pizza Store 21 LLC, is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the lessee of the premises located at 15 W 28th St New York, NY 10001, and the owner/operator at the premises.

5.      The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6.      In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

7.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

8.      All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

9.     Plaintiff has attempted to access the facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

10.     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11.     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the facility, as prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

    I.     INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING RISE IN FLOOR LEVEL AT ENTRANCE ACTS AS A BARRIER TO

ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR RISE IN
FLOOR LEVEL AT ENTRANCE.

   a. ADAAG 206 Accessible Routes ADAAG 206.1 General.  Accessible
routes shall be provided in accordance with 206 and shall comply with
Chapter 4. ADAAG 206.2 Where Required.  Accessible routes shall be
provided where required by 206.2. ADAAG 206.2.1 Site Arrival
Points.  At least one accessible route shall be provided within the site
from accessible parking spaces and accessible passenger loading
zones; public streets and sidewalks; and public transportation stops to
the accessible building or facility entrance they serve. ADAAG 206.4
Entrances.  Entrances shall be provided in accordance with 206.4.
Entrance doors, doorways, and gates shall comply with 404 and shall
be on an accessible route complying with 402. ADAAG 206.4.1 Public
Entrances.  In addition to entrances required by 206.4.2 through
206.4.9, at least 60 percent of all public entrances shall comply with
404. ADAAG 207 Accessible Means of Egress ADAAG 207.1
General.  Means of egress shall comply with section 1003.2.13 of the
International Building Code (2000 edition and 2001 Supplement) or
section 1007 of the International Building Code (2003 edition)
(incorporated by reference, "Referenced Standards" in Chapter 1).
ADAAG 303.4 Ramps.  Changes in level greater than ½ inch high
shall be ramped, and shall comply with 405 or 406.

II. INACCESSIBLE DINING TABLES.NON-COMPLIANT HEIGHT OF
DINING TABLES EXCEEDS MAXIMUM HEIGHT
ALLOWANCE.MINIMUM PERCENTAGE OF EXISTING DINING
SPACES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

   a. ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1
General.  Where dining surfaces are provided for the consumption of
food or drink, at least 5 percent of the seating spaces and standing
spaces at the dining surfaces shall comply with 902. ADAAG 902
Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining
surfaces and work surfaces shall comply with 902.2 and 902.3.
Advisory 902.1 General. Dining surfaces include, but are not limited
to, bars, tables, lunch counters, and booths. ADAAG 902.2 Clear Floor
or Ground Space. A clear floor space complying with 305 positioned
for a forward approach shall be provided.  Knee and toe clearance
complying with 306 shall be provided. ADAAG 902.3 Height.  The
tops of dining surfaces and work surfaces shall be 28 inches (710 mm)
minimum and 34 inches (865 mm) maximum above the finish floor or
ground. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum
Required Depth.  Where toe clearance is required at an element as part
of a clear floor space, the toe clearance shall extend 17 inches (430
mm) minimum under the element. ADAAG 306.2.5 Width.  Toe
clearance shall be 30 inches (760 mm) wide minimum.  ADAAG
306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear

floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width. Knee clearance shall be 30 inches (760 mm) wide minimum.

III.    INACCESSIBLE DINING COUNTER.NON-COMPLIANT HEIGHT OF DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING COUNTER. PORTION OF DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a.   ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. Advisory 902.1 General. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and boothS. ADAAG 902.2 Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 902.3 Height.  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum. ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width. Knee clearance shall be 30 inches (760 mm) wide minimum.

IV.    INACCESSIBLE SELF SERVICE BEVERAGE DISPENSER. NON-COMPLIANT HEIGHT OF SELF SERVICE BEVERAGE DISPENSER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a.   ADAAG 904.5.1 Self-Service Shelves and Dispensing Devices.  Self-service shelves and dispensing devices for tableware, dishware, condiments, food and beverages shall comply with 308. ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.  Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.2.2 Obstructed High Reach.  Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element

for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum. ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed. Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.3.2 Obstructed High Reach. Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

V.   NON-COMPLIANT POSITION OF PLUMBING VALVES LOCATED DIRECTLY BEHIND TOILET SEAT OF WATER CLOSET IN THE FIRST OF TWO RESTROOMS.
   a. ADAAG Advisory 604.6 Flush Controls. If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them. To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.

VI.   INACCESSIBLE FLUSH CONTROL AT WATER CLOSET IN THE FIRST OF TWO RESTROOMS. NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET IN THE FIRST OF TWO RESTROOMS.
   a. ADAAG 604.6 Flush Controls. Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

VII.   NON-COMPLIANT LOCK AT DOOR OF THE FIRST OF TWO RESTROOMS REQUIRES TWISTING OF THE WRIST.
   a. ADAAG 404.2.7 Door and Gate Hardware. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 ADAAG 309.4 Operation. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

6

VIII.   INACCESSIBLE COAT HOOK IN THE FIRST OF TWO
RESTROOMS. NON-COMPLIANT HEIGHT OF COAT HOOK IN THE
FIRST OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT
ALLOWANCE.

   a.   ADAAG 604.8.3 Coat Hooks and Shelves.  Coat hooks shall be
located within one of the reach ranges specified in 308. ADAAG 308.2
Forward Reach. ADAAG 308.2.1 Unobstructed.  Where a forward
reach is unobstructed, the high forward reach shall be 48 inches (1220
mm) maximum and the low forward reach shall be 15 inches (380
mm) minimum above the finish floor or ground. ADAAG 308.2.2
Obstructed High Reach.  Where a high forward reach is over an
obstruction, the clear floor space shall extend beneath the element for a
distance not less than the required reach depth over the obstruction.
The high forward reach shall be 48 inches (1220 mm) maximum
where the reach depth is 20 inches (510 mm) maximum.  Where the
reach depth exceeds 20 inches (510 mm), the high forward reach shall
be 44 inches (1120 mm) maximum and the reach depth shall be 25
inches (635 mm) maximum. ADAAG 308.3 Side Reach. ADAAG
308.3.1 Unobstructed.  Where a clear floor or ground space allows a
parallel approach to an element and the side reach is unobstructed, the
high side reach shall be 48 inches (1220 mm) maximum and the low
side reach shall be 15 inches (380 mm) minimum above the finish
floor or ground. ADAAG 308.3.2 Obstructed High Reach.  Where a
clear floor or ground space allows a parallel approach to an element
and the high side reach is over an obstruction, the height of the
obstruction shall be 34 inches (865 mm) maximum and the depth of
the obstruction shall be 24 inches (610 mm) maximum.  The high side
reach shall be 48 inches (1220 mm) maximum for a reach depth of 10
inches (255 mm) maximum.  Where the reach depth exceeds 10 inches
(255 mm), the high side reach shall be 46 inches (1170 mm) maximum
for a reach depth of 24 inches (610 mm) maximum.

IX.   NON-COMPLIANT POSITION OF PLUMBING VALVES LOCATED
DIRECTLY BEHIND TOILET SEAT OF WATER CLOSET IN THE
SECOND OF TWO RESTROOMS.

   a.   ADAAG Advisory 604.6 Flush Controls.  If plumbing valves are
located directly behind the toilet seat, flush valves and related
plumbing can cause injury or imbalance when a person leans back
against them.  To prevent causing injury or imbalance, the plumbing
can be located behind walls or to the side of the toilet; or if approved
by the local authority having jurisdiction, provide a toilet seat lid.

X.   NON-COMPLIANT LOCK AT DOOR OF THE SECOND OF TWO
RESTROOMS REQUIRES TWISTING OF THE WRIST.

   a.   ADAAG 404.2.7 Door and Gate Hardware.  Handles, pulls, latches,
locks, and other operable parts on doors and gates shall comply with
309.4 ADAAG 309.4 Operation.  Operable parts shall be operable
with one hand and shall not require tight grasping, pinching, or

twisting of the wrist.  The force required to activate operable parts shall be 5 pounds maximum.

XI.    INACCESSIBLE COAT HOOK IN THE SECOND OF TWO RESTROOMS. NON-COMPLIANT HEIGHT OF COAT HOOK IN THE SECOND OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a.   ADAAG 604.8.3 Coat Hooks and Shelves.  Coat hooks shall be located within one of the reach ranges specified in 308. ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.  Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.2.2 Obstructed High Reach.  Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum.  Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum. ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.  Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.3.2 Obstructed High Reach.  Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum.  The high side reach shall be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum.  Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

13.    The above listing is not to be considered all-inclusive of the barriers, which exist at the Facility. Plaintiff requires an inspection of the facility, in order to determine all of the ADA violations.

14.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

15.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

16.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

17.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants  to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,
*s/Maria Costanza Barducci*
Maria Costanza Barducci, Esq.
BARDUCCI LAW FIRM
Attorneys for Plaintiff
5 West 19th Street, 10th Floor

New York, New York 10011
Bar No.: 5070487
Telephone: 212-433-2554
Email: mc@barduccilaw.com