UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ABETH HASHIMI,

                Plaintiff,

                         **ANSWER TO COMPLAINT**

     v.

                         **Case No. 1:18-CV-05040**

IMA PIZZA STORE 21 LLC and
15 WEST 28 LLC,

                Defendant.
---------------------------------------------------------X

    Defendant 15 WEST 28 LLC, (hereinafter referred to as the "Defendants"), by it's attorney, Law Offices of Mitchell S. Segal, P.C., as and for it's answer to Plaintiff's Complaint (the "Complaint"), denies each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and alleges on knowledge with respect to itself and its own acts and on information and belief as to all other matters contained herein as follows:

## JURISDICTION

1. Paragraph "1" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendant avers that Plaintiff seeks the jurisdiction of this Court.

2. Defendant has no knowledge or information sufficient to form a belief as to the truth or accuracy concerning the allegations contained in Paragraph "2" of the Complaint, and therefore denies these allegations.

3. Defendant admits the allegations contained in Paragraph "3" of the Complaint.

4. Defendant admits the allegations contained in Paragraph "4" of the Complaint.

5. Defendant denies the allegations contained in Paragraph "5" of the Complaint.

6. Defendant denies the allegations contained in Paragraph "6" of the Complaint.

7. Defendant denies the allegations contained in Paragraph "7" of the Complaint.

8. Defendants admit the allegations contained in Paragraph "8" of the Complaint.

## FACTUAL ALLEGATIONS AND CLAIM

9. Defendant denies the allegations contained in Paragraph "9" of the Complaint.

10. Defendant has no knowledge or information sufficient to form a belief as to the truth or accuracy concerning the allegations contained in Paragraph "10" of the Complaint, and therefore denies these allegations.

11. Defendant denies the allegations contained in Paragraph "11" of the Complaint

12. Defendant denies the allegations contained in Paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in Paragraph "13" of the Complaint.

14. Paragraph "14" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendant denies the allegations contained in Paragraph "14" of the Complaint.

15. Defendant denies the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Paragraph "17" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendant denies the allegations contained in Paragraph "17".

18. Defendant denies all statements and allegations contained therein, including any claim for relief set forth in Plaintiff's "WHEREFORE" clause in the Complaint.

## ADDITIONAL AVERMENTS

19. Defendant denies all claims and allegations in the Complaint not unequivocally admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The alleged barriers to accessing the Premises are not required to be removed and structural work is not required to be performed, because the removal of such barriers are not readily achievable, easily accomplishable, and able to be carried out without much difficulty or expenses within the meaning of Title III of the American with Disabilities Act.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, for lack of standing and the capacity to sue.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Plaintiff's claims which seek injunctive relief, are barred, in whole or in part, by unclean hands, including, but not limited to, on information and belief, that Plaintiff has engaged and continues to engage in a pattern and practice of allegedly visiting places of public accommodation in bad faith, without the intent of accessing goods and services and with sole purpose of filing lawsuits, including in respect of this actions.

## AS AND FOR FOURTH AFFIRMATIVE DEFENSE

23. The Complaint fails to state a viable cause of action and is insufficient on its face.

## AS AND FOR FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff failed to properly mitigate his alleged damages.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

26. The property is not a "place of public accommodation" as stated in Title III of the Americans with Disabilities Act.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

27. The modifications demanded by Plaintiff would fundamentally alter the nature of the facility or accommodations located at the property and are not readily achievable.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE

28. Plaintiff has not articulated a plausible proposal for barrier removal, the costs of which, facially, do not exceed its benefits.

### AS AND FOR TENTH AFFIRMATIVE DEFENSE

29. The requested modifications would impose an undue burden on the Defendant.

### AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

30. The removal of the alleged barriers would alter the nature of the Defendant's public accommodations pursuant to 42 U.S.C. §12182 (b) (2) (11).

### AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

31. The Defendant already provides access through readily achievable "alternative methods" including customer service and delivery.

### AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

32. Any alterations proposed by Plaintiff would be structurally impracticable pursuant to 28 CFR §36.402.

### AS AND FOR FORTEENTH AFFIRMATIVE DEFENSE

33. Plaintiffs proposed alterations to "path of travel" are disproportionate to the overall alterations in terms of scope and cost pursuant to 42 USC §12183 (a) (2).

### AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE

34. Any renovations undertaken did not constitute alterations.

## AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE

35. Any alterations would be infeasible pursuant to ADAAG §4.1.6 (1) (j).

## AS AND FOR SEVENTEENTH AFFIRMATIVE DEFENSE

36. Defendant has satisfied the maximum extent feasible standard.

## AS AND FOR EIGHTEENTH AFFIRMATIVE DEFENSE

37. Defendant is not the responsible party.

38. **RESERVATION OF DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendant reserves the right to assert additional defenses that are revealed by further investigation or by discovery.

# FIRST CROSS-CLAIM AGAINST CODEFENDANT SUED HEREIN AS " IMA PIZZA STORE 21, LLC" ("Tenant Defendant").

39. Defendant leased commercial space to the Tenant Defendant, pursuant to a written lease agreement. (the "lease")

40. The lease requires that the tenant therein fully comply with all laws and regulations applicable to the premises and indemnify and hold Defendant harmless with respect to any action such as the instant action. Said lease is binding on all assignees, sublessees, and agents of tenant.

41. Therefore, Tenant Defendant is liable to defendant herein and is contractually obligated to indemnify Defendant herein for any amounts recovered by the Plaintiff, including any costs, attorney fees and disbursements as may be incurred by Defendant herein in the defense of this action.

42. Defendant herein is entitled to indemnity and contribution from Tenant Defendant, to have judgment over and against it for any judgment, losses, expenses and damages that may be recovered by Plaintiff against Defendant herein.

43. Additionally, as a result of Tenant Defendant's obligations pursuant to the lease, Defendant herein was required to engage counsel to defend itself in this action and is entitled to a judgment against Tenant Defendant in any amount to be determined at trial for the cost and expense incurred in connection with the defense of this action.

### SECOND CROSS-CLAIM AGAINST TENANT DEFENDANT

44. The allegations upon which the Complaint is grounded are based upon the Codefendant's use and occupancy of the demised premises and its operation of a business thereat. Accordingly, Codefendant is obligated to defend, hold harmless, provide insurance coverage for and/or indemnify Defendant herein as a matter of law.

WHEREFORE, Defendant demands judgment against Plaintiff dismissing the action, and judgment on its cross-claim against the Codefendant, and for the costs, disbursements and fees incurred in defending this action.

Dated: Great Neck, New York
      September 4, 2018                Respectfully submitted,

                                          /s/  Mitchell Segal
                                         _____
                                         Mitchell Segal, Esq.
                                         Law Offices of Mitchell S. Segal, P.C.
                                         Attorney For Defendant/Counterclaim Plaintiff
                                         1010 Northern Boulevard, Suite 208
                                         Great Neck, New York 11021
                                         (516) 415-0100